David C. Holland, Esq. (DH9718)
The Law Offices of Michael Kennedy PC
419 Park Avenue South – 16th Floor
New York, NY 10016
212-935-4500 Phone
Attorneys for Plaintiff

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------------------------x
BRUCE HELANDER

                          Plaintiff,

-against-

RON PARKER;
PARKER AND PARKER CONSULTING

                          Defendants.
----------------------------------------------------------------x

07 CV 08058 (LTS)
ECF FILED DOCUMENT

**COMPLAINT/DEMAND
FOR JURY TRIAL**

       Plaintiff BRUCE HELANDER, by and through his attorneys, Law Offices of Michael Kennedy, PC, for his Complaint against Defendants RON PARKER and PARKER AND PARKER CONSULTING alleges as follows:

   1. This an action for defamation under the laws of the State of New York.

## JURISDICTION AND VENUE

   2. This is an action arising under the laws of the State of New York. This Court has jurisdiction over the subject matter of this action under 28 U.S.C. § 1332, there being diversity of citizenship between plaintiff and defendants and the amount in controversy exceeding $75,000. Venue is proper in this District under 28 U.S.C. § 1391(a).

1

## PARTIES

3. BRUCE HELANDER (hereinafter "HELANDER") is domiciled in West Palm Beach, Florida and is a nationally recognized and respected designer and collagist, as well as published author and art curator. His work is represented in over 50 museums, including the Whitney, Metropolitan and Guggenheim Museum in New York State. His work appears in "The New Yorker" magazine and other publications. He has received multiple awards for professional recognition in the art world and is the former provost of the prestigious Rhode Island School of Design.

4. Upon information and belief, defendant RON PARKER (hereinafter "PARKER") is an individual domiciled in the State of Pennsylvania.

5. Upon information and belief, Defendant PARKER AND PARKER CONSULTING is a corporation organized and existing under the laws of the State of New York with its principal place of business in New York, New York.

6. Upon information and belief, PARKER is the principal and owner of PARKER AND PARKER CONSULTING and is engaged in the business of art consulting. At all times herein, PARKER was acting individually and on behalf of PARKER AND PARKER CONSULTING.

## BACKGROUND

7. HELANDER and PARKER became acquainted in or about 1995 and have had a casual personal and professional relationship, off and on, for approximately 12 years.

8. On or about February 27, 2007, PARKER individually and on behalf of PARKER AND PARKER CONSULTING maliciously wrote an email entitled "stupidity" (hereinafter "the email"), attached hereto as Exhibit A. The email was addressed to HELANDER and copied to Don Binns, Plaintiff's then employer, who is the owner of International Artists Guild and Fine

Arts Publishing (hereinafter "IAG"), and headquartered in Naples, Florida and conducting business throughout the United States.

9. On or about October 2006, prior to publication of the email, HELANDER and Binns entered into a five year agreement whereby HELANDER would become the managing partner of IAG at an annual rate of $120,000.00 per year plus commissions. Binns also agreed to sell HELANDER'S work in his galleries and other venues, including New York City.

10. On or about November 2006, HELANDER began full time compensated employment for IAG. HELANDER hired a staff and gallery director, created an advertising campaign and exhibition calendar as well as marketing plans for Los Angeles, San Francisco, Naples and Palm Beach, Florida, New York City, and Dubai (UAE). HELANDER began writing published essays on IAG artists and related activities and presented a plan of exhibitions for the following season and into the future. He continued to oversee quality control, exhibition installations, recommend new artists and limited edition print production programs.

11. On or about December 2006, Defendants, an art consultant and art consulting company well known and influential in the art world, suggested to HELANDER to consider expanding the IAG and to acquire Simic Galleries, which had various locations in southern California and Arizona. Defendants were to receive a commission if IAG acquired Simic. HELANDER traveled to La Jolla, California, met with Mario Simic, the CEO of Simic Galleries and toured his facilities. He also traveled to meet Simic's associate, Rami, at their Palm Desert location.

12. On or about January, 2007, HELANDER arranged and curated several exhibitions in California, Florida, New York City and Dubai for IAG Galleries.

13. On or about February, 2007 HELANDER received an email from Simic associate Rami suggesting a dinner meeting in New York on March 1, 2007 to coincide with Art Expo, an international art exposition.

14. On or about February, 2007, PARKER sent an email to HELANDER demanding that HELANDER and Binns confirm the meeting with Simic and Rami in New York. Fearing the loss of his commission, PARKER threatened, that "if you don't make this happen the loss will be yours." HELANDER promptly replied to PARKER informing him that the suggested date could not be confirmed because Binns might not be in New York for Art Expo.

15. Thereafter, on February 27, 2007, PARKER maliciously wrote HELANDER the email entitled "stupidity" (Exhibit A herein) and copied Binns on the email.

16. In the email, PARKER falsely accused HELANDER of, *inter alia*, being a "lying, irresponsible bastard," "commit[ing] perjury before the courts . . .", "steal[ing] money . . .", and "40 years of daily pot smoking." In the email, PARKER further suggested that Binns would terminate HELANDER and cites numerous examples of unsubstantiated professional incompetence. These allegations are false and defamatory.

17. On or about March, 2007 and continuing through the present, HELANDER has received medical treatment and prescribed medication for anxiety, depression and insomnia as a result of the stress created by PARKER'S email and the feared and suspected potential loss of HELANDER's job.

18. On or about April 5, 2007, HELANDER, normally a healthy adult, was diagnosed with Bell's Palsy as a result of stress.

19. After Binns received a copy of Parker's email, Binns expressed to Helander his deep disturbance with Parker's allegations and raised doubts about HELANDER'S future with Binns.

20. On or about April 18, 2007, HELANDER sent an email to Binns expressing concern about his continued employment with IAG as a result of PARKER'S email, and asked Binns to consider the value of HELANDER'S contributions to IAG. HELANDER asked Binns to come to a final decision so that HELANDER could know where he stood with respect to his employment.

21. On or about April 22, 2007, Binns requested a meeting with HELANDER and handed him a letter of termination. In the letter, Binns stated that his reason for terminating HELANDER was the allegations in PARKER's email.

## AS AND FOR A FIRST CAUSE OF ACTION
**(Defamation/Slander/Libel)**

22. Plaintiff realleges paragraphs 1 through 21 as if fully set forth herein.

23. The email written by PARKER was defamatory in that it exposed HELANDER to public ridicule, contempt and disgrace and lack of credibility for future consulting projects and employment in the art world and related work.

24. The email written by PARKER specifically, and without any factual basis, clearly referred to HELANDER as a liar, an incompetent arts administrator with a deliberately fabricated history of professional failures, serious financial losses and lawsuits against him by previous partners, and also accused him as a thief and illegal drug user.

25. The email by PARKER was written maliciously and was deliberately copied to Binns.

26. The email was the direct cause leading to the termination of HELANDER's employment with Binns, thereby causing HELANDER to suffer damage to his personal and professional reputation, present and future financial loss, as well as serious physical and mental injuries.

WHEREFORE, Plaintiff demands that judgment be awarded in his favor against Defendant in a sum that exceeds the jurisdictional minimum of this Court, together with the costs and disbursements of this action and a reasonable award of attorneys fees.

Dated: New York, NY
      September 13, 2007

Respectfully Submitted,

*David C. Holland*

David C. Holland, Esq. (DH9718)
The Law Offices Of Michael Kennedy, P.C.
419 Park Avenue South, 16th floor
New York, NY 10016
212-935-4500 Phone
212-980-6881 Fax