David C. Holland, Esq. (DH9718)
The Law Offices of Michael Kennedy PC
419 Park Avenue South – 16th Floor
New York, NY 10016
212-935-4500 Phone
Attorneys for Plaintiff

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------x
BRUCE HELANDER

                                      Plaintiff,

        -against-

RON PARKER;
PARKER AND PARKER CONSULTING

                                     Defendants.
-----------------------------------------------------------------x

07 CV 08058 (LTS)
ECF FILED DOCUMENT

**REPLY TO COUNTERCLAIM**

        Plaintiff BRUCE HELANDER, by and through his attorneys, Law Offices of Michael Kennedy, PC, for his REPLY to Defendants RON PARKER and PARKER AND PARKER CONSULTING's COUNTERCLAIMS alleges as follows:

    1. Plaintiff Bruce Helander (hereinafter "Helander") denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 38 of Defendant's Answer and Counterclaims.

    2. Helander denies the allegations set forth in paragraph 39 of Defendant's Answer and Counterclaims except admits that he is domiciled in Florida, has had artistic works displayed in museums and maintained a temporary work location apartment in Pennsylvania.

    3. Helander denies the allegations set forth in paragraph 41 of Defendant's Answer and

Counterclaims.

4. Helander denies the allegations set forth in paragraph 42 of Defendant's Answer and Counterclaims.

5. Helander denies the allegations set forth in paragraph 43 of Defendant's Answer and Counterclaims.

6. Helander denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 44 of Defendant's Answer and Counterclaims.

7. Helander admits the allegations set forth in paragraph 45 of Defendant's Answer and Counterclaims.

8. Helander admits the allegations set forth in paragraph 46 of Defendant's Answer and Counterclaims.

9. Helander denies the allegations set forth in paragraph 47 of Defendant's Answer and Counterclaims to the extent it alleges that the Helanders were guaranteed ownership of the units in the condominium.

10. Helander denies the allegations set forth in paragraph 48 of Defendant's Answer and Counterclaims.

11. Helander admits the allegations set forth in paragraph 49 of Defendant's Answer and Counterclaims.

12. Helander denies the allegations set forth in paragraph 50 of Defendant's Answer and Counterclaims except admits that extensions were granted.

13. Helander denies the allegations set forth in paragraph 51 of Defendant's Answer and Counterclaims.

14. Helander denies the allegations set forth in paragraph 52 of the Defendant's Answer

and Counterclaims except admits that Binns met with Parker and Helander in Pennsylvania, Binns offered a proposed resolution of the dispute surrounding the Mill, and that Binns declined to invest in the Mill.

15. Helander denies the allegations set forth in paragraph 52 of the Defendant's Answer and Counterclaims.

16. Helander denies the allegations set forth in paragraph 54 of Defendant's Answer and Counterclaims.

17. Helander denies the allegations set forth in paragraph 55 of Defendant's Answer and Counterclaims.

18. Helander denies the allegations set forth in paragraph 56 of Defendant's Answer and Counterclaims.

19. Helander denies the allegations set forth in paragraph 57 of Defendant's Answer and Counterclaims.

20. Helander admits that lawsuits were commenced on or about August 1 and August 3, but denies the remainder of the allegations set forth in paragraph 58 of Defendant's Answer and Counterclaims.

21. Helander denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 59 of Defendant's Answer and Counterclaims.

22. Helander denies the allegations set forth in paragraph 60 of Defendant's Answer and Counterclaims.

23. Helander denies the allegations set forth in paragraph 61 of Defendant's Answer and Counterclaims.

24. Helander denies the allegations set forth in paragraph 62 of Defendant's Answer and

Counterclaims.

25. Helander denies the allegations set forth in paragraph 63 of Defendant's Answer and Counterclaims.

26. Helander denies the allegations set forth in paragraph 64 of Defendant's Answer and Counterclaims.

27. Helander denies the allegations set forth in paragraph 65 of Defendant's Answer and Counterclaims.

28. Helander denies the allegations set forth in paragraph 66 of Defendant's Answer and Counterclaims.

29. Helander denies the allegations set forth in paragraph 67 of Defendant's Answer and Counterclaims.

30. Helander denies the allegations set forth in paragraph 68 of Defendant's Answer and Counterclaims.

31. Helander denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 69 of Defendant's Answer and Counterclaims.

32. Helander denies the allegations set forth in paragraph 70 of Defendant's Answer and Counterclaims.

33. Helander denies the allegations set forth in paragraph 71 of Defendant's Answer and Counterclaims.

34. Helander denies the allegations set forth in paragraph 72 of Defendant's Answer and Counterclaims.

35. Helander denies the allegations set forth in paragraph 73 of Defendant's Answer and Counterclaims.

36. Helander denies the allegations set forth in paragraph 74 of Defendant's Answer and Counterclaims.

37. Helander denies the allegations set forth in paragraph 75 of Defendant's Answer and Counterclaims.

38. Helander denies the allegations set forth in paragraph 76 of Defendant's Answer and Counterclaims.

39. Helander denies the allegations set forth in paragraph 77 of Defendant's Answer and Counterclaims.

40. Helander denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 78 of Defendant's Answer and Counterclaims.

41. Helander denies the allegations set forth in paragraph 79 of Defendant's Answer and Counterclaims.

42. Helander denies the allegations set forth in paragraph 80 of Defendant's Answer and Counterclaims.

43. Helander denies the allegations set forth in paragraph 81 of Defendant's Answer and Counterclaims.

44. Helander denies the allegations set forth in paragraph 82 of Defendant's Answer and Counterclaims.

45. Helander denies the allegations set forth in paragraph 83 of Defendant's Answer and Counterclaims.

46. Helander denies the allegations set forth in paragraph 84 of Defendant's Answer and Counterclaims.

47. Helander denies the allegations set forth in paragraph 85 of Defendant's Answer and

Counterclaims.

48. Helander denies the allegations set forth in paragraph 86 of Defendant's Answer and Counterclaims.

49. Helander denies the allegations set forth in paragraph 87 of Defendant's Answer and Counterclaims.

## FIRST AFFIRMATIVE DEFENSE

50. Failure to state a cause of action upon which relief can be granted.

## SECOND AFFIRMATIVE DEFENSE

51. Any statements made or attributable to Helander were in fact true or in fact substantially true when made.

## THIRD AFFIRMATIVE DEFENSE

52. Any statements made or attributable to Helander that were not in fact true or in fact substantially true when made could not be construed as statements of fact and were otherwise statements of opinion that are constitutionally protected and not the proper basis for a cause of action.

## FOURTH AFFIRMATIVE DEFENSE

53. Defendant-Crossclaimants state that Parker is a "past President of two publicly-traded (NASDAQ) art companies, that he has a "well-earned and financially-indispensible reputation in his business and social circles in Pennsylvania, New York and Florida, as well as nationally-a reputation for honor and activities as an artist, art consultant and publisher and real estate investor", he is a "public figure", at least for purposes of defamation claims arising out of his artistic and real estate investment activities requiring that they prove that Helander made any statements with "actual malice" which cannot be properly pled and proved by them.

### FIFTH AFFIRMATIVE DEFENSE

54. Laches

### SIXTH AFFIRMATIVE DEFENSE

55. Any cause of action which might otherwise have been actionable by Defendant-Cross-Claimants has been waived by the passage of the statute of limitations.

Dated: New York, New York
January 10, 2008

The Law Offices of Michael Kennedy, PC

By: David C. Holland, Esq. (DH9718)