David C. Holland, Esq. (DH9718)　　　　　　　Henry R. Kaufman, P.C.
The Law Offices of Michael Kennedy PC　　　　Henry R. Kaufman (HK-7283)
419 Park Avenue South – 16th Floor　　　　　 11 East 44th Street, Suite 900
New York, NY 10016　　　　　　　　　　　　New York, NY 10017
212-935-4500 Phone　　　　　　　　　　　　 (212) 880-0842
Attorneys for Plaintiff - Counterclaim Respondent　Attorneys for Defendants-Counterclaims

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

───────────────────────────────
BRUCE HELANDER,　　　　　　　　　　　　)
　　　　　　　　　　　　　　　　　　　　)
　Plaintiff and Counterclaim Defendant,　　)
　　　　　　　　　　　　　　　　　　　　)　　07-CV-8058 (LTS)
　　　　　　　- v -　　　　　　　　　　　)　　ECF
　　　　　　　　　　　　　　　　　　　　)　　PRELMINARY PRE-TRIAL
RON PARKER;　　　　　　　　　　　　　　)　　STATEMENT
PARKER AND PARKER CONSULTING, INC.　　)
d/b/a PARKER AND PARKER, INC.) and　　　)
s/h/a PARKER AND PARKER CONSULTING,　 )
　Defendants and  Counterclaimants.　　　　)
───────────────────────────────)

　　　　PLEASE TAKE NOTICE that, Plaintiff-Counterclaim Respondent, BRUCE HELANDER, through its attorneys, The Law Offices of Michael Kennedy, P.C., and Defendants and Counterclaimants RON PARKER; PARKER AND PARKER CONSULTING, Inc., through their attorneys, Henry R. Kaufman, P.C., do hereby submit the following Pre-Trial Statement pursuant to Fed. R. Civ. P. 26(f) and the Court's Order of September 20, 2007:

　　　　a. This is an action for defamation alleged by Plaintiff and Defendants/Counterclaimants.

　　　　b. The parties do not dispute this Court's jurisdiction.

　　　　c. The parties do not contest the following facts:

　　　　　　(1)　　that Defendant Parker wrote and emailed the email attached to Plaintiff's Complaint as Exhibit A (hereinafter "the email"); and

　　　　　　(2)　　that the parties are prominent figures in their respective art worlds.

1

d. The parties do not contest that the allegedly defamatory email was published by Defendant Parker to at least one other person.

e. The Court must decide the following legal issues in connection with Plaintiff's claim: whether Plaintiff is a public figure, whether Defendant Parker's allegedly defamatory statements about Plaintiff, or some of them, were actionably defamatory or constituted non-actionable expressions of opinion, whether they were substantially true as a matter of law, whether they are subject to a qualified privilege and/or whether Plaintiff has established sufficient evidence of actual malice to withstand a motion for summary judgment.

The Court must decide the following legal issues in connection with Defendant Parker's counterclaim: whether Defendant Parker is a public figure, whether Plaintiff's allegedly defamatory statements about Counterclaimants, or some of them, were actionably defamatory or constituted non-actionable expressions of opinion, whether they were substantially true as a matter of law, whether they are subject to a qualified privilege and/or whether Counterclaimants have established sufficient evidence of actual malice to withstand a motion for summary judgment.

f. With respect to Plaintiff's Claim for Defamation, the following material facts are disputed:

(1) whether Defendant Parker's email that is the subject of this dispute was written "maliciously," as asserted, *inter alia*, in ¶¶ 8, 15 and 25 of the Complaint;

(2) whether Plaintiff and Binns entered into a five-year agreement described, *inter alia*, in ¶ 9 of the Complaint;

    (3)    whether Plaintiff suffered the medical complaints, including Bell's Palsy, anxiety, depression and insomnia, as described, *inter alia*, in ¶¶ 17 and 18 of the Complaint, and whether the allegedly defamatory email was the proximate cause of such medical complaints; and

    (4)    whether or not the allegedly defamatory email was the proximate cause of Plaintiff's termination.

With respect to Defendants' counterclaims, Plaintiff denies the facts underlying the counterclaims as set forth in paragraphs 59 through 87 of Defendants' Answer and Counterclaims.

    g. In support of his causes of action, Plaintiff will rely on New York's common law of defamation. In support of their causes of action, Counterclaimants will rely on New York's common law of defamation.

    h. In support of their defenses to Plaintiff's claim, Defendants will rely on the privileges and defenses available under the common law of New York, the New York State Constitution and the United States Constitution. In support of his defenses to Defendants' Counterclaims, Plaintiff will rely on the privileges and defenses available under the common law of New York, the New York State Constitution and the United States Constitution.

    i. Plaintiff has the burden of proving, by a preponderance of the evidence, that the statements at issue were defamatory and published, and that Plaintiff suffered damages as a result, and of proving, by clear and convincing evidence, that the statements at issue were substantially false and made with actual malice. Counterclaimants have the burden of proving, by a preponderance of the evidence, that the statements at issue were defamatory and published, and that Counterclaimants suffered damages as a result, and of proving, by clear and convincing

evidence, that the statements at issue were substantially false and made with actual malice. Defendants have the burden of establishing the elements of any common law or statutory defense claimed by a preponderance of the evidence. Plaintiff-Counterclaim Respondent has the burden of establishing the elements of any common law or statutory defense claimed by a preponderance of the evidence.

j. At this time, the parties are unaware that amendments to pleadings and/or the addition or substitution of parties will be required.

k. The parties do not consent to trial of the case by a magistrate judge.

l. Plaintiff has served, but not filed, its initial disclosures under Rule 26(a)(1) and Defendants anticipate serving and filing their initial disclosures under Rule 26(a)(1) within 30 days of the parties' initial Rule 26(f) conference.

m. Defendants may need to take discovery on the following subjects, among others: (1) the nature of Plaintiff's alleged contract or other relationship with Don Binns and the basis for its termination; (2) Plaintiff's sales and/or commissions, if any, earned prior to termination by Binns and the gross and net revenues realized by IAG during Plaintiff's tenure with IAG; (3) Plaintiff's medical records; (4) Plaintiff's tax returns; (5) Plaintiff's conversations with the parties identified in the Counterclaim; and (6) prior lawsuits involving Plaintiff. Plaintiff Counterclaim Respondent may need to take discovery on the existence of similar emails and oral statements by Defendant Parker to third parties regarding the Binns contract and other litigations between the Defendant Parker and Plaintiff Counterclaim Respondent.

The parties propose the following discovery cutoff dates: (1) April 30, 2008, for the taking of party depositions; (2) July 15, 2008, for the taking of non-party depositions regarding the Claim; (3) September 30, 2008, for the taking of non-party depositions regarding the

Counterclaim; (4) December 5, 2008, for submission of motions for summary judgment by either party; and (5) February 13, 2009, for depositions of medical experts regarding the Claim.

    n. At this time, the parties do not anticipate the need for expert evidence, other than medical experts on the issue of Plaintiff's alleged injury and medical damages.

    o. The parties propose that discovery be limited to production of paper documentation and exclude electronically stored information ("ESI") unless for reasonable cause shown.

    p. The parties have not engaged in settlement discussions and do not believe that such discussions or submission to mediation would be fruitful at this time

    q. A Jury Trial has been demanded by Plaintiff. Counterclaimant Parker will demand a Jury Trial.

    r. At this time, the parties are unaware of any other orders that should be entered by the Court.

Dated: New York, New York

    February 15, 2008